UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIMBERLY A. HALL,

        Plaintiff,

    v.                                                                                          Civil No. 09-6010-HA

                                                                                      OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

HAGGERTY, District Judge:

        Plaintiff Kimberly A. Hall seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying her application for Supplemental Security Income (SSI) benefits. This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is reversed and remanded for further proceedings.

**STANDARDS**

1- OPINION AND ORDER

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings). The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or

equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits

eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).  The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ). *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  *Tackett*, 180 F.3d at 1098.  The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision.  *Reddick*, 157 F.3d at 720.

**FACTS**

The relevant facts, which are drawn from the administrative record and the ALJ's decision, are summarized here.  Plaintiff was thirty-five years old at the alleged disability onset date and forty-two years old at the time of the ALJ's hearing.  Plaintiff has a high school education and past relevant work experience as a cashier.

4- OPINION AND ORDER

Plaintiff protectively filed her application for benefits in September 2004, alleging disability beginning August 14, 2001. Plaintiff alleges disability stemming from physical and mental impairments including: fibromyalgia, chronic right hip bursitis, mild left knee osteoarthritis, left femoral enchondroma, obesity, shoulder pain, posttraumatic stress disorder (PTSD), and depression. Plaintiff's application was denied initially and on reconsideration. The ALJ conducted a hearing on April 22, 2008, at which she heard testimony from plaintiff, who was represented by counsel; plaintiff's husband, Kenneth Hall; and a vocational expert.

On June 24, 2008, the ALJ issued a decision finding plaintiff not disabled as defined in the Social Security Act. The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Plaintiff subsequently initiated this action.

## SUMMARY OF ALJ'S FINDINGS

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged disability onset date. Tr. 14, Finding 1.[1]

At step two, the ALJ found that plaintiff has the following medically determinable severe impairments: fibromyalgia, chronic right hip bursitis, mild left knee osteoarthritis, left femoral enchondroma, depression, and obesity. Tr. 14, Finding 2.

At step three, the ALJ found that plaintiff does not have an impairment, or combination of impairments, that meets or equals the requirements of any listed impairment. Tr. 16, Finding 3.

The ALJ determined that plaintiff has the RFC to lift twenty pounds occasionally and ten

---

[1] Tr. refers to the Transcript of the Administrative Record.

5- OPINION AND ORDER

pounds frequently, sit for six hours in an eight hour day, stand and/or walk for two hours in an eight hour workday, and requires an option to sit or stand while working. Tr. 17, Finding 5. Additionally, the ALJ determined that plaintiff can occasionally bend and climb ramps or stairs, and must never crouch, crawl, perform overhead reaching, or climb ladders, ropes or scaffolds. *Id*. The ALJ found that plaintiff could perform frequent but not constant grasping with her non-dominant hand and that she should have no contact with the general public and is limited to jobs with a level two specific vocational preparation as defined in the Dictionary of Occupational Titles. *Id*.

At step four, the ALJ found that plaintiff was incapable of performing her past relevant work. Tr. 20, Finding 5.

At step five, the ALJ, found that there are jobs that exist in significant numbers in the national economy that plaintiff could perform. Tr. 21, Finding 9.

## DISCUSSION

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits due to a number of alleged errors including: (1) improperly assessing plaintiff's credibility, (2) improperly assessing lay witness testimony, (3) improperly assessing plaintiff's RFC, and (4) improperly addressing the medical evidence.

**1.    Plaintiff's Credibility**

Plaintiff asserts the ALJ erred in evaluating her subjective symptom testimony. In evaluating a plaintiff's subjective symptom testimony, the ALJ must determine whether the claimant has produced objective medical evidence of an underlying impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. § 404.1529(a); *Smolen v.*

6- OPINION AND ORDER

*Chater*, 80 F.3d 1273,1281-82 (9th Cir. 1996) (citation and quotation omitted). An ALJ may consider medical evidence as a relevant factor in determining a claimant's credibility. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The Ninth Circuit set out a threshold test in *Cotton v. Bowen* to assist the ALJ in deciding whether to accept a claimant's subjective symptom testimony. *See* 799 F.2d 1403 (9th Cir. 1986); *see also Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991). If the claimant produces evidence that meets the *Cotton* test, and there is no evidence of malingering, then the ALJ can reject the claimant's testimony about the severity of symptoms only after offering specific, clear and convincing reasons for doing so. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms must meet two tests. First, the claimant "must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged. . . .'" *Bunnell*, 947 F.2d at 342 (quoting 42 U.S.C. § 423(d)(5)(A) (1988)); *see also Cotton*, 799 F.2d at 1407. Second, he or she must show that the impairment or combination of impairments could reasonably be expected to produce some degree of the alleged symptoms.

Here, the ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to produce some of the alleged symptoms; however, Ms. Hall's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible." Tr. 18. Because the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to produce some degree of symptom, the ALJ was required to provide clear and convincing reasons for rejecting her subjective symptom testimony. *Dodrill*, 12 F.3d at 918.

7- OPINION AND ORDER

In an effort to do so, the ALJ noted that plaintiff's "allegations are not fully supported by the medical record," and that "she is not compliant with the recommendation for aerobic exercise to ease" her symptoms. Tr. 19. The ALJ also identified numerous medical reports in the record that undermine plaintiff's allegations of disability and found that her allegations conflict with her activities of daily living. Tr. 19.

Plaintiff's failure to comply with a recommendation that she participate in water aerobics does not constitute a valid reason for discounting her testimony. The record reflects that plaintiff has been advised to do water aerobics, but that she cannot afford the classes. Her inability to pay for a prescribed course of treatment reveals nothing about her credibility and is not a valid reason for rejecting her testimony.

However, the ALJ's other reasons for rejecting plaintiff's subjective symptom testimony, including the fact that her allegations were unsupported by the medical record, were clear and convincing. Accordingly, the ALJ's error in rejecting plaintiff's testimony for failure to comply with a medical recommendation was harmless. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1090, 1097 (9th Cir. 2004).

**2.      Lay Witness Testimony**

Plaintiff asserts that the ALJ erred in failing to credit the evidence presented by plaintiff's husband Kenneth Hall. The ALJ rejected Mr. Hall's testimony because he was allegedly motivated by secondary gain, and because he did not provide "an objective medical basis for any limitations he observes." Tr. 18. Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account" unless the ALJ "expressly determines to disregard such testimony and give reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). An ALJ must offer "arguably germane reasons for dismissing" lay

8- OPINION AND ORDER

testimony, but need not "clearly link his determination to those reasons." *Id*. at 512.

Here, the ALJ failed to provide a valid reason for rejecting Mr. Hall's testimony. There is nothing in the record to suggest that Mr. Hall's testimony was unduly motivated by a desire for secondary gain. The mere fact that Mr. Hall is plaintiff's husband and might benefit if plaintiff were to receive disability benefits does not constitute a valid or germane reason for rejecting his testimony. A claimant's spouse and immediate family members are in a unique position to describe the effects of a claimant's impairments on their day to day life. Under this ALJ's reasoning, such family members would never be found credible. Unless there is specific evidence that a lay witness is lying and is doing so out of a desire for pecuniary gain, a mere familial relationship does not constitute a valid reason for discrediting a lay witness's testimony.

The ALJ's second reason for discounting Mr. Hall's testimony is also invalid. Lay witnesses are by their very definition not medical experts and cannot provide an "objective medical basis" for observations they make. Nevertheless, a lay witness's testimony is competent evidence that the ALJ must consider. *Lewis*, 236 F.3d at 511.

This court has reviewed plaintiff's remaining arguments and finds that the remaining portions of the ALJ's decision are free of legal error and are supported by substantial evidence in the record.

A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In this matter, this court concludes that outstanding issues remain that must be

9- OPINION AND ORDER

resolved before a determination of disability can be made. After reviewing Mr. Hall's oral and written testimony, this court cannot conclude whether plaintiff is disabled.

Upon remand, the ALJ shall reconsider the written and oral testimony of Mr. Hall and evaluate that testimony properly. Plaintiff shall also have the opportunity to submit new evidence regarding her alleged impairments, including whether she retains the ability to utilize either hand for grasping and manipulation.

**CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this  10  day of November, 2009.

     /s/ Ancer L. Haggerty
     Ancer L. Haggerty
     United States District Judge